J-S13013-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
PHILIP TRIVIGNO :
:
Appellant : No. 1779 EDA 2020

Appeal from the PCRA Order Entered August 13, 2020
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0100861-1996

BEFORE:   OLSON, J., KING, J., and PELLEGRINI, J.[*]

MEMORANDUM BY OLSON, J.:                **FILED AUGUST 6, 2021**

Appellant, Philip Trivigno, appeals *pro se* from the August 13, 2020 order dismissing his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

A prior panel of this Court summarized the factual history as follows:

> [Appellant] was tried before a jury [in] September [] 1996. Appellant was convicted of first[-]degree murder, possession of an instrument of crime[,] and aggravated assault, and on March 19, 1998, the [trial] court sentenced him to death.  Appellant appealed, and, on March 24, 2000, [our] Supreme Court reversed Appellant's death sentence and granted a new penalty hearing.

***Commonwealth v. Trivigno***, 2013 WL 11259245, at *1 (Pa. Super. 2013) (unpublished memorandum) (record citations omitted).  On January 29, 2003, following a non-jury hearing, the trial court resentenced Appellant to life

_____

[*] Retired Senior Judge assigned to the Superior Court.

imprisonment for his first-degree murder conviction. *Id.* "Appellant did not file a direct appeal[] and[,] thus, his judgment of sentence became final on February 28, 2003." *Commonwealth v. Trivigno*, 2017 WL 3037526, at *1 (Pa. Super. 2017) (unpublished memorandum). Appellant filed a *writ* of *habeas corpus* on January 6, 2004, his first PCRA petition on February 11, 2009, and his second PCRA petition on October 14, 2014. Ultimately, none of these challenges resulted in relief.

On September 29, 2017, Appellant filed *pro se* the instant PCRA petition, his third. Between April 2018, and March 2019, Appellant filed three supplemental PCRA petitions and two amended PCRA petitions.[1] On November 1, 2019, the PCRA court notified Appellant pursuant to Pennsylvania Rule of Criminal Procedure 907 of its intent to dismiss as untimely his PCRA petition without a hearing and without exception. Appellant filed *pro se* a response to the Rule 907 notice on November 13, 2019, and an amended response on December 6, 2019. On August 13, 2020, the PCRA court dismissed Appellant's petition and, thereupon, filed an opinion in support of its decision. Appellant filed *pro* se a notice of appeal on September 9, 2020, and that same day the PCRA court filed its Pa.R.A.P. 1925(a) opinion wherein it relied on its August 13, 2020 opinion dismissing Appellant's PCRA petition. The PCRA court did not order Appellant to file a Rule 1925(b) statement.

---

[1] Appellant filed supplemental or amended PCRA petitions on April 10, 2018, April 20, 2018, June 1, 2018, November 21, 2018, and March 7, 2019.

Appellant, however, filed *pro* se a Rule 1925(b) statement on September 18, 2020.

Appellant raises the following issues for our review:

1. Did the PCRA court err when it concluded that [Appellant's] PCRA [petition] was not timely filed?

2. Did the PCRA court err in its opinion by rejecting and dismissing [Appellant's] petition [as untimely, despite Appellant's allegations of] newly[-]discovered facts[, namely the] affidavit [] from [Philadelphia] Police Officer Douglas Morrison[, which, if pleaded and proven by a preponderance of the evidence, is an exception to the PCRA jurisdictional time-bar pursuant to 42 Pa.C.S.A. § 9545(b)(1)(ii)?]

3. Did the PCRA court err when it refused to address the issue concerning government interference[, which, if pleaded and proven by a preponderance of the evidence, is an exception to the PCRA jurisdictional time-bar pursuant to 42 Pa.C.S.A. § 9545(b)(1)(i)?]

4. Did the PCRA court err when it refused to address the issue concerning records of actual innocence[?]

Appellant's Brief at 7 (extraneous capitalization omitted).[2]

Proper appellate review of a PCRA court's dismissal of a PCRA petition is limited to the examination of "whether the PCRA court's determination is supported by the record and free of legal error." ***Commonwealth v. Miller***, 102 A.3d 988, 992 (Pa. Super. 2014) (citation omitted). "The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." ***Commonwealth v. Lawson***, 90 A.3d 1, 4 (Pa. Super.

---

[2] For clarity and ease of disposition, Appellant's issues have been renumbered.

2014) (citations omitted). "This Court grants great deference to the findings of the PCRA court, and we will not disturb those findings merely because the record could support a contrary holding." *Commonwealth v. Hickman*, 799 A.2d 136, 140 (Pa. Super. 2002) (citation omitted). In contrast, we review the PCRA court's legal conclusions *de novo*. *Commonwealth v. Henkel*, 90 A.3d 16, 20 (Pa. Super. 2014) (*en banc*), *appeal denied*, 101 A.3d 785 (Pa. 2014).

Our Supreme Court has instructed that the timeliness of a PCRA petition is jurisdictional. If a PCRA petition is untimely, courts lack jurisdiction over the petition. *Commonwealth v. Wharton*, 886 A.2d 1120, 1124 (Pa. 2005); *see also Commonwealth v. Callahan*, 101 A.3d 118, 121 (Pa. Super. 2014) (holding, courts do not have jurisdiction over an untimely PCRA petition). To be timely filed, a PCRA petition, including second and subsequent petitions, must be filed within one year of the date a petitioner's judgment of sentence becomes final. 42 Pa.C.S.A. § 9545(b)(1). "A judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of the time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3). The PCRA's jurisdictional time restriction is constitutionally sound. *Commonwealth v. Cruz*, 852 A.2d 287, 292 (Pa. 2004).

Here, Appellant was resentenced on January 29, 2003, and did not pursue direct appeal. Consequently, Appellant's judgment of sentence became final on February 28, 2003, at the expiration of time for filing a direct

J-S13013-21

appeal with this Court. Pa.R.A.P. 903 (stating, a notice of appeal, with limited exception (of which, none apply in the instant case), "shall be filed within 30 days after the entry of the order from which the appeal is taken"); *see also* 42 Pa.C.S.A. § 9545(b)(3); *Trivigno*, 2017 WL 3037526, at *1. Therefore, Appellant's PCRA petition filed on September 29, 2017, more than fourteen years after his judgment of sentence became final, is patently untimely.

If a PCRA petition is untimely filed, the jurisdictional time-bar can only be overcome if the petitioner alleges and proves one of the three statutory exceptions, as set forth in 42 Pa.C.S.A. § 9545(b)(1). *Commonwealth v. Spotz*, 171 A.3d 675, 678 (Pa. 2017). The three narrow statutory exceptions to the one-year time-bar are as follows: "(1) interference by government officials in the presentation of the claim; (2) newly[-]discovered facts; and (3) an after-recognized constitutional right." *Commonwealth v. Brandon*, 51 A.3d 231, 233-234 (Pa. Super. 2012), *citing* 42 Pa.C.S.A. § 9545(b)(1)(i-iii). A petition invoking an exception to the jurisdictional time-bar must be filed within 60 days of the date that the claim could have been presented.[3] 42

---

[3] We note that effective December 24, 2018, the time-period in which to file a petition invoking one of the three exceptions was extended from 60 days to one year. 42 Pa.C.S.A. § 9545(b)(2). This amendment applies to claims arising one year prior to the effective date of the amendment, that is to say, arising December 24, 2017, or later. Act. 2018, Oct. 24, P.L. 894, No. 146, § 3. Because Appellant filed his third PCRA petition on September 29, 2017, this amendment does not apply. *See Commonwealth v. Fear*, 250 A.3d 1180, 1183-1184, 1191, 1199-1200 n.12 (Pa. 2021) (holding that, when an initial PCRA petition is filed prior to December 24, 2017, the filing of an amended or supplemental PCRA petition after December 24, 2017, does not

- 5 -

Pa.C.S.A. § 9545(b)(2) (effective November 17, 1995, to December 24, 2018). If an appellant fails to invoke a valid exception to the PCRA time-bar, courts are without jurisdiction to review the petition and provide relief. **Spotz**, 171 A.3d at 676.

For purpose of discussion, we note in the case *sub judice* that Appellant asserts he is eligible for relief because his conviction resulted from, *inter alia*,

[1.] A violation of the Constitution of this Commonwealth or the Constitution or laws of the United States which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place [and]

[2.] The unavailability at the time of trial of exculpatory evidence that has subsequently become available and would have changed the outcome of the trial if it had been introduced.

Appellant's PCRA Petition, 9/29/17, at § 4; **see also** 42 Pa.C.S.A. § 9543(a)(2)(i) and (vi).[4]

_____

extend the time-period within which to assert a claim for collateral relief for purposes of 42 Pa.C.S.A. § 9545(b)(2)).

[4] Appellant asserts, *inter alia*, that the Commonwealth knowingly permitted Philadelphia Police Detective Manuel Santiago, who investigated the incident involving Appellant, to provide false testimony and evidence that directly linked Appellant to the crime in violation of his constitutional rights and that after-discovered evidence in the form of Detective Santiago's misconduct would have resulted in a different verdict.

Because his PCRA petition is untimely, Appellant invokes the newly-discovered facts exception to overcome the jurisdictional time-bar.[5] Appellant's Amended Supplemental PCRA Petition, 4/20/18; *see also* Appellant's Brief at 10-18. Appellant avers that a *Philadelphia Daily News* article dated February 19, 2018,[6] "alerted [Appellant] to misconduct with[in] the [Philadelphia P]olice [D]epartment[,]" including misconduct by Detective Santiago. Appellant's Supplement to Third PCRA Petition, 4/10/18; *see also* Appellant's Brief at 10. Appellant avers that upon learning of this newspaper article and the alleged misconduct of Detective Santiago, he requested Detective Santiago's disciplinary records from the Philadelphia Police Department. *Id.* In response, Appellant received an affidavit from Philadelphia Police Officer Douglas Morrison[7] in which, Appellant contends, "Officer Morrison confirmed [Appellant's] newspaper article." *Id.* Appellant asserts that the newspaper article and Officer Morrison's affidavit establish the

_____

[5] Appellant also invokes the governmental interference exception to the jurisdictional time-bar. To successfully invoke the governmental interference exception, a "petitioner must plead and prove the failure to previously raise the [underlying] claim was the result of interference by government officials, and the information could not have been obtained earlier with the exercise of due diligence." *Commonwealth v. Abu-Jamal*, 941 A.2d 1263, 1268 (Pa. 2008). We consider Appellant's second and third issues *in tandem*.

[6] Chris Palmer, *After man was cleared, other cases could follow*, Philadelphia Daily News, Feb. 19, 2018, at 3-4.

[7] At the time he prepared the affidavit cited in the instant case, Officer Morrison was the Assistant Open Records Officer for the Philadelphia Police Department. Appellant's Brief at Exhibit 2.

newly-discovered facts exception to the PCRA jurisdictional time-bar. *Id.* at 10-12.

In a recent decision, our Supreme Court reiterated that the newly-discovered facts exception "renders a petition timely when the petitioner establishes that [']the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence.[']"[8] *Commonwealth v. Small*, 238 A.3d 1267, 1271 (Pa. 2020), *quoting* 42 Pa.C.S.A. § 9545(b)(1)(ii). A PCRA court must first determine "whether the facts upon which the claim is predicated were unknown to the petitioner[.]" *Id.* at 1282 (original quotation marks omitted). If the PCRA court concludes that the facts were unknown, then the PCRA court must next examine whether "the facts could have been ascertained by the

_____

[8] Judicial inquiry into whether a previously-unknown fact supports application of the newly-discovered facts exception to the PCRA's timeliness requirement is distinct from the inquiry undertaken to determine whether a petitioner has come forward with after-discovered evidence which compels a new trial. This distinction is highlighted when newspaper articles are presented in support of claims for collateral relief. For example, our Supreme Court in *Commonwealth v. Castro*, 93 A.3d 818 (Pa. 2014) held that a newspaper article may alert a petitioner to the possible existence of evidence but that the newspaper article, alone, is insufficient to support a request for a new trial based upon **after-discovered evidence**. *Id.* at 827; *see also Commonwealth v. Brown*, 141 A.3d 491, 500 (Pa. Super. 2016) (stating that, "[i]t is possible for a petitioner to plead and prove the newly-discovered fact exception, which gives the PCRA court jurisdiction and permits it to consider the petition on the merits, and then ultimately fail on the merits of an after-discovered evidence claim"). Our inquiry here focuses upon whether a newspaper article triggers the newly-discovered facts exception to the PCRA's timeliness requirement.

exercise of due diligence, including an assessment of the petitioner's access to public records." **Id.** (citation omitted).

Here, Appellant explains that he recently became aware, upon reading a *Philadelphia Daily News* article, that several Philadelphia homicide detectives, including Detective Santiago, who provided evidence directly linking Appellant to the crime scene, were under investigation for allegedly withholding, altering, or fabricating evidence in other criminal investigations. Appellant's Supplement to Third PCRA Petition, 4/10/18; **see also** Appellant's Amended Supplemental PCRA Petition, 4/20/18; Appellant's Supplemental PCRA Petition, 6/1/18; Appellant's Amended PCRA Petition, 11/21/18. Appellant contends that Officer Morrison's affidavit demonstrates that evidence of Detective Santiago's misconduct exists but that Detective Santiago's disciplinary records are being withheld from him. Appellant's Amended PCRA Petition, 3/7/19 (relying on paragraph 10 of Officer Morrison's affidavit which states, "[d]isclosing 'a certified copy of [Detective] Santiago's disciplinary record' would reveal [the Philadelphia Police Department's] criminal and/or noncriminal investigation into Detective Santiago"). Appellant asserts that the newspaper article concerning the misconduct of Philadelphia homicide detectives and Officer Morrison's affidavit establish the newly-discovered facts exception to the PCRA jurisdictional time-bar because they prove his underlying claims of a violation of his constitutional rights and exculpatory after-discovered evidence which could not have been uncovered through due diligence. Appellant's Amended Supplemental PCRA Petition,

4/20/18. Appellant contends that the facts gleaned from the newspaper article and affidavit, namely Detective Santiago's misconduct, would have changed the outcome of his trial if evidence of the detective's misconduct had been presented and, furthermore, demonstrated a violation of his constitutional rights that so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. Appellant's PCRA Petition, 9/29/17, at §4.

Appellant argues, in sum, that a newspaper article describing or encouraging ongoing investigations of Detective Santiago's alleged misconduct in other cases satisfies the newly-discovered facts exception to the PCRA jurisdictional time-bar. We find **Commonwealth v. Chmiel**, 173 A.3d 617 (Pa. 2017) instructive in resolving the precise issue before us. In **Chmiel**, our Supreme Court held that an FBI press release, and the attendant admissions by the FBI contained therein, constituted a newly-discovered fact for purposes of triggering an exception to the PCRA jurisdictional time-bar. **Chmiel**, 173 A.3d at 629. Chmiel asserted that an FBI press release and a subsequent *Washington Post* article publicizing the press release contained facts which satisfied the newly-discovered facts exception. **Id.** at 625. Inherent in both the FBI press release and the *Washington Post* article were the facts that (1) "the FBI publicly admitted that the testimony and statements provided by its analysts about microscopic hair comparison analysis were erroneous in the vast majority of cases" and (2) "the FBI had trained many state and local analysts to provide the same scientifically flawed opinions in

state criminal trials." *Id.* Our Supreme Court concluded that it was not the source of the facts, *i.e.*, a press release or a newspaper article, that satisfied the newly-discovered facts exception but, rather, it was the information contained in those media sources which satisfied the newly-discovered facts exception. *Id.* at 628. Stated simply, facts are not what a reader gleans from media reports or newspaper articles but, instead, facts are the substantive events, *i.e.*, the FBI's admission of error, which prompted the report by the media. *See Castro*, 93 A.3d at 825 n.11 (reiterating that, "[facts] cannot consist of what one hears on the news" (citation omitted)); *see also Commonwealth v. Reid*, 235 A.3d 1124, 1146 (Pa. 2020) (holding, a judicial decision is not a fact to support the newly-discovered facts exception because "an in-court ruling or published judicial opinion is law[;] it is simply the embodiment of abstract principles applied to actual events. The events that prompted the analysis, which must be established by presumption or evidence, are regarded as fact.").

Here, a review of the newspaper article that forms that basis of Appellant's newly-discovered facts exception (and his governmental interference exception) suggests, "an investigation **should be** launched into whether the detectives – who investigated murders during the crack wars of the 1990s – routinely placed their thumbs on the scales while locking people up during one of Philadelphia's most violent eras." Appellant's Brief at Exhibit 1. The newspaper article goes on to state, "it remains unclear how many cases ultimately **could be** called into question **should** [the district

attorney] launch a wider investigation into [the detectives'] work." *Id.* Although the newspaper article reports instances of alleged misconduct by Detective Santiago in his investigation of other criminal cases, the newspaper article, unlike the FBI press release in *Chmiel*, does not specifically cite any admissions or conclusive findings of wrong-doing by Detective Santiago that may be linked to Appellant's case. *Id.* The newspaper article merely suggests that such an investigation into Detective Santiago's actions **should be** launched. *Id.* Therefore, Appellant failed to demonstrate that the newspaper article contained a fact that triggered the newly-discovered facts exception set forth at 42 Pa.C.S.A. § 9545(b)(1)(ii). *Castro*, 93 A.3d at 825 n.11

Turning to Officer Morrison's affidavit, this Court has previously held that an affidavit, itself, cannot be a newly-discovered fact but, rather, the "fact" may be the information reported in the affidavit. *Brown*, 141 A.3d at 502-503. In his affidavit, Officer Morrison explained that the Philadelphia Police Department established an Internal Affairs Bureau ("IAB") responsible for investigating allegations of police misconduct. Appellant's Brief at Exhibit 2, ¶2-3. Officer Morrison further explained,

> Upon completing its investigation, the IAB prepares an investigation report and depending on the result of the investigation, the IAB may terminate the investigation, make recommendations for further actions to be taken against the [police officer], such as sanctioning the [police officer], or referring the [police officer] to the Police Board of Inquiry ("PBI") for further investigation and potential discipline. The IAB does not bring formal charges against the [police officer].

*Id.* at ¶5 (extraneous capitalization omitted).

- 12 -

Officer Morrison confirmed that, "IAB [] conducted investigations into reports and/or complaints with respect to Detective Santiago" but that no records existed of an investigation that ultimately resulted in Detective Santiago's demotion or discharge. *Id.* at ¶7-8. Officer Morrison attested that "[t]o the extent complaints [of Detective Santiago's conduct] were criminal in nature, a further criminal investigation **may** have been conducted." *Id.* at ¶9 (emphasis added). Officer Morrison stated that a certified copy of Detective Santiago's disciplinary record "would reveal [the Philadelphia Police Department's] criminal and/or noncriminal investigation into Detective Santiago." *Id.* at ¶9-10.

The affidavit merely informs Appellant about the Philadelphia Police Department's policies and procedures regarding complaints brought against police officers. Although the affidavit confirms that IAB investigated reports or complaints concerning Detective Santiago, nothing in Officer Morrison's affidavit establishes a newly-discovered fact which supports Appellant's underlying claims of constitutional violations and after-discovered evidence pertinent to this case.[9]

---

[9] Appellant also failed to demonstrate that the governmental interference exception set forth in 42 Pa.C.S.A. § 9545(b)(1)(i) applies in the instant case. Detective Santiago's alleged misconduct, even if proved, would not trigger the governmental interference exception to the PCRA jurisdictional time-bar since that conduct would have occurred during pre-trial investigation or at trial and would not have interfered with Appellant's presentation of his current claim. *See* 42 Pa.C.S.A. § 9545(b)(1)(i); *see also Commonwealth v. Chimenti*, 218 A.3d 963, 975 (Pa. Super. 2019) (stating that, "[t]he proper question

In sum, Appellant failed to plead and prove the newly-discovered facts exception or the governmental interference exception to the PCRA jurisdictional time-bar. Consequently, the PCRA court lacked jurisdiction to review Appellant's PCRA petition, and we may not review the substance of the petition on appeal.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/6/2021

---

with respect to [Section] 9545(b)(1)(i)'s timeliness exception is whether the government interfered with Appellant's ability to present his claim and whether Appellant was duly diligent in seeking the facts on which his claims are based" (original quotation marks omitted)), *appeal denied*, 229 A.3d 565 (Pa. 2020). Likewise, other grounds for applying the governmental interference exception discussed in Appellant's brief, such as Detective Santiago's supposedly false testimony about the color and license plate number of the shooter's car or overly suggestive line-ups, would not support application of the governmental interference exception since that testimony was presented at trial and could not interfere with the presentation of Appellant's current claims.